Argued and submitted September 27, 2001, reversed in part; otherwise affirmed
March 20, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# KEVIN L. FRY,
*Appellant.*

## CM9920842; A108454

42 P3d 369

Andy Simrin, Senior Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers,

Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

■ Defendant was convicted of four counts of rape in the first degree, ORS 163.375, one count of sexual abuse in the first degree, ORS 163.427, and one count of incest, ORS 163.525, all based on his alleged conduct with his four-year-old daughter. He was also convicted of sexual abuse in the third degree, ORS 163.415, and rape in the third degree, ORS 163.355, based on his involvements with his daughter's mother and with another underage woman. The only issue that we discuss at length involves the first-degree rape and incest convictions.[1] Defendant argues that there is insufficient evidence, other than his confession, that those crimes were committed. ORS 136.425(1). We agree with defendant as to three of the rape convictions and therefore reverse those convictions.

Because the trial court found defendant guilty, we state the facts in the light most favorable to the state. Defendant was in his 20s during the events involved in this case. He began a sexual relationship with the child's mother when the mother was 14 years old. The mother became pregnant when she was 15; their child was born in March 1995. Defendant and the mother broke up a year later, but the child visited defendant regularly, spending the night with him two to four times a month. In May 1999, the child made statements that led her mother to suspect that defendant might be abusing her, and she took the child to a State Office for Services to Children and Families (SCF) office. As a result, a physician examined the child's anal-genital region and determined that it was normal, a fact not necessarily inconsistent with sexual intercourse. After the examination, the physician asked the child if she had ever been hurt or touched in a way that she

---

[1] Defendant also argues that the trial court erred in accepting his written waiver of his right to a jury trial without first making a determination on the record that the waiver was voluntary. Although it is correct that a waiver of the right to a jury trial must be in writing and must be made knowingly and voluntarily, *see* Or Const, Art I, § 11; *State v. Lemon*, 162 Or App 640, 986 P2d 705 (1999), in the absence of an express statutory or constitutional requirement that a judge must make an inquiry on the record as to whether a represented defendant's waiver is voluntary, we see no reason for imposing such a requirement. *Cf.* ORS 135.385 (expressly establishing requirements for determining that plea of guilty is knowing and voluntary).

didn't like; the child said "yes" and that it was defendant who had touched her.[2] In response to additional questions, she stated that defendant touched her with "his thinger," that his "thinger" was located between his legs, and that he touched her genitalia with it. The child stated that defendant hurt her when he touched her. According to the physician, such contact could have hurt either because it was between defendant's penis and the child's hymen or because it involved violence. It would have been possible for there to be contact between defendant's penis and the child's labia without any penetration into her vagina.

After the physical examination, an SCF worker interviewed the child on videotape. The worker asked if anyone had touched her in places that made her "feel not good." The child indicated that defendant had touched her in the groin with his "pee-pee," which was the name that she used for his penis. When asked whether defendant touched her many times or just a few times in that way, the child stated that he touched her just one time. She said that it hurt when he touched her and that she asked defendant to stop but that he did not stop.

An investigation ensued, and a police officer interviewed defendant. Defendant at first denied any improper conduct with the child. He was then arrested and waived his *Miranda* rights. Eventually, defendant admitted that he had penetrated the child once in his living room and three or four times in his bedroom. He said that all of the events occurred in February and March 1999, two or three months before the child's mother first became concerned. At trial, the physician testified that it was possible that any physical effects of the penetration could have healed before the physician's examination.

Defendant was indicted for five counts of rape in the first degree, one count of incest, and one count of sexual abuse in the first degree based on his conduct with the child. The trial court granted a motion for a judgment of acquittal

---

[2] Because the court determined that the child was not a competent witness, all of the evidence about what she experienced came from statements that she made during the physical examination and during the subsequent interview with the SCF worker.

on one count of rape because in his confession defendant did not clearly admit more than four incidents. It found him guilty of the other charges.

In his confession, defendant admitted all of the necessary elements of the offenses of rape in the first degree and incest: that he had sexual intercourse with the child and that the child was under 12 years of age (rape) and was his daughter (incest). ORS 163.375(1)(b);[3] ORS 163.525(1). However, the confession by itself is not legally sufficient to support a conviction. ORS 136.425(1) provides:

> "A confession or admission of a defendant, whether in the course of judicial proceedings or otherwise, cannot be given in evidence against the defendant when it was made under the influence of fear produced by threats; *nor is a confession only sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed.*" (Emphasis added.)

The parties agree that there was evidence besides the confession on all of the elements of the crimes except whether defendant had sexual intercourse with the child.[4] They disagree about whether it was necessary to provide evidence in addition to the confession on that element and, if it was, whether the child's statements to the physician and the SCF worker are sufficient. We begin by examining the meaning of the emphasized portion of ORS 136.425(1).

The Supreme Court discussed this aspect of ORS 136.425(1) in *State v. Lerch*, 296 Or 377, 677 P2d 678 (1984), in which the defendant was convicted of murdering a child whose body was never found. The court began by pointing out that the statute codifies the common-law rule regarding corroboration of a defendant's confession. However, the common-law rule has two different formulations. The first formulation requires only that there be some independent

---

[3] The rape counts of the indictment alleged that the child was under the age of 12 years, thus stating violations of ORS 163.375(1)(b). They did not allege that she was under 16 and defendant's child, which would have stated violations of ORS 163.375(1)(c).

[4] For purposes of the statutes that defendant allegedly violated, "sexual intercourse" has "its ordinary meaning and occurs upon any penetration, however slight[.]" ORS 163.305(7).

evidence that tends to establish that the confession is reliable. The second formulation requires independent proof of the *corpus delicti*—that is, the corroborating evidence must tend to prove the commission of the crime. Under the second formulation, the prosecution must introduce evidence, independent of the confession, that tends to prove that the alleged injury or harm occurred and that the injury or harm was caused by someone's criminal activity.[5] *Id.* at 393, *quoting McCormick on Evidence* § 158 (2nd ed 1972). The court concluded that in enacting ORS 136.425(1) the legislature followed the great majority of American jurisdictions and adopted the second formulation. *Id.* at 394.

Under the legislature's formulation of the rule, the purpose of the corroborating evidence is to provide independent support for the conclusion that a crime has been committed. Under the first formulation, which Oregon does not follow, it would be possible to rely entirely on the defendant's confession to prove that a crime occurred, so long as there is evidence supporting the reliability of the confession. That is not possible under ORS 136.425(1), because there must be evidence independent of the confession that tends to prove the *corpus delicti*.

In *Lerch*, the court held that the corroborating evidence may be circumstantial and that it does not need to be sufficient in itself to establish the *corpus delicti*. The court noted that the statute requires "some" other proof, but it commented that that term is not particularly helpful in determining exactly how much evidence is sufficient. " 'Some' means more than 'none.' It probably means more than 'slight' but less than 'substantial,' but both 'slight evidence' and 'substantial evidence' are 'some evidence.' " 296 Or at 397. The court concluded that "some proof" means "that there is enough evidence from which the jury may draw an inference that tends to establish or prove that a crime has been committed." *Lerch*, 296 Or at 398 (footnote omitted). In *Lerch* there was evidence that the child had disappeared, that there

---

[5] That the alleged injury or harm occurred and that it was caused by someone's criminal activity are the necessary elements of the *corpus delicti* for that purpose. It is not necessary, in order to establish the *corpus delicti* for the purpose of corroborating a confession, to connect the defendant with the crime. *See Lerch*, 296 Or at 393-94, *quoting McCormick on Evidence* § 158 (2nd ed 1972).

was a stain on the defendant's floor that could have been a fecal stain, that hair taken from the defendant's jacket was consistent with the child's hair, that a person familiar with the smell of decaying human flesh had noticed such a smell coming from a dump box near the defendant's apartment, and that the defendant had made statements apart from his confession that he had seen a duffel bag that belonged to him that had a body in it. *Id.* at 380-83, 388-89. Without attempting to assign weight to any particular piece of evidence, the court held that the evidence as a whole was sufficient to corroborate the defendant's confession. *Id.* at 398-99.

In *State v. Manzella*, 306 Or 303, 759 P2d 1078 (1988), a police officer responding to a report of an accident found the defendant at a parking lot where the vehicles allegedly involved were parked. The defendant told the officer that he had been stopped in his vehicle waiting to turn left when another vehicle hit him from behind. The officer thereafter checked the defendant's driver's license. He discovered that the defendant's driving privileges were restricted and that, if the defendant had been driving at the time of the accident, he would have been driving outside the limits of the restrictions. The defendant then admitted that he knew that he was driving outside of those limits. The officer did not see the defendant drive, nor did he remember seeing the defendant's car at the scene. *Id.* at 305-06. The defendant's conviction was based primarily on his confession that he knew that he was driving outside of the limits on his driving privileges.

The Supreme Court held that the only possible evidence that could corroborate the defendant's confession, other than the defendant's statements before the officer checked his driver's license, was insufficient to satisfy ORS 136.425(1). The defendant's mere presence at the scene did not permit an inference that he had been driving, and the fact that the officer checked the defendant's driver's license number did not permit an inference about why the defendant had given that number to the officer. *Manzella*, 306 Or at 307-08. However, the court also held that the statements that the defendant made before the officer confronted him with the restrictions on his driving privileges were admissions, not a confession, and that under ORS 136.425(1) it was permissible to use those admissions to corroborate the subsequent

confession. It devoted most of its opinion to tracing the distinction between admissions and confessions. In doing so it commented that if, in the course of a confession, "the accused admits one or more elements of the crime charged, the state must produce 'some other evidence' of that element." *Id.* at 316.

*Lerch* and the *dictum* in *Manzella* thus indicate that the purpose of the corroboration requirement in ORS 136.425(1) is to provide some evidence independent of the confession that a crime has been committed, not simply to make it more likely that the confession is reliable. In this case, unlike in *Lerch* and *Manzella*, defendant admitted a number of crimes in his confession. Under the statute as the Supreme Court has construed it, there must be evidence independent of defendant's confession that tends to establish the *corpus delicti* for *each* offense with which he was charged. Proof that a different crime has been committed cannot satisfy that requirement, nor can proof of one charged crime satisfy the requirement as to a different charged crime.

The state argues to the contrary. It relies on *State v. Reed*, 173 Or App 185, 21 P3d 137, *rev den* 332 Or 559 (2001), for the proposition that it is necessary only to corroborate defendant's confession, not every crime to which he confessed. *Reed* involved the admissibility of a hearsay statement, not the legal sufficiency of a confession to support a verdict. The issue in *Reed* was whether there was sufficient corroboration of the hearsay statements of an unavailable witness. The defendant was accused of abusing three children who were less than 12 years old. The court determined that one of the children was unavailable and admitted her hearsay statements under OEC 803(18a)(b). In order to do so, it had to find that the statement met the following requirement:

"[I]f the proponent establishes that the time, content and circumstances of the statement provide indicia of reliability, and in a criminal trial that there is corroborative evidence of the act of abuse and of the alleged perpetrator's opportunity to participate in the conduct and that the statement possesses indicia of reliability as is constitutionally required to be admitted." *Quoted* in *Reed*, 173 Or App at 189.

There are several significant aspects of the requirements for admitting a hearsay statement in a criminal proceeding under OEC 803(18a)(b). First, the court must determine that the statement is circumstantially reliable. Second, it must determine that there is independent corroborating evidence that supports admission of the hearsay. Third, the corroborating evidence does not need to be admissible or even presented at trial.[6] *Id.* at 191-92, *citing State v. Renly*, 111 Or App 453, 461-68, 827 P2d 1345 (1992).

In *Reed*, the trial court relied on one incident, in which the defendant enticed the witness to get on top of him with the statement that it was "okay" because her mother was not home, to corroborate the witness' testimony concerning the other alleged incidents of abuse. We rejected the defendant's argument that the rule required corroboration of each incident; what was necessary was that there be evidence "that tends to make the existence of an act of abuse more likely." 173 Or App at 194. We pointed out that many of the examples of corroboration that we had listed in *Renly* did not necessarily relate to a particular instance of abuse but, instead, corroborated the fact of abuse in general. *Id.* at 197. The state urges that the same principles should apply in the context of satisfying the corroboration requirements of ORS 136.425(1).

The difficulty with the state's position is that ORS 136.425(1) has different purposes and requirements from OEC 803(18a)(b). The purpose of OEC 803(18a)(b) is to determine whether a particular statement is sufficiently reliable to be admissible, despite the witness' unavailability to testify and to be subject to cross-examination. It does not follow from the fact that evidence is admissible that it is also sufficient to support a verdict without additional corroboration. For example, defendant's voluntary confession is admissible against him without any hearsay concerns, OEC 801(4)(b)(A), but under ORS 136.425(1) a confession is insufficient to support a conviction unless "there is some other proof that the crime has been committed." The state's arguments would have more force if the legislature had adopted

---

[6] We also required the court to make explicit findings as to the evidence on which it relied as corroboration. *Reed*, 173 Or App at 192.

the first formulation of the corroboration rule; however, as the Supreme Court pointed out in *Lerch*, the legislature adopted the second formulation.

■      Under ORS 136.425(1), the requirement that the other evidence tends to prove the *corpus delicti* means that there must be other evidence that permits a reasonable inference that each crime to which defendant confessed actually occurred. In this case, it is clear that there is evidence tending to prove the *corpus delicti* of each of the rape and incest convictions except that defendant had sexual intercourse with the child. The only additional evidence that might relate to that issue comes from the child's statements, together with the physician's explanation of what they might mean. The child said that defendant touched her genitalia with his "thinger" or his "pee-pee" and that it hurt when he did so. She also said that he did so only once. The physician testified that the pain could have been the result either of defendant touching the child's hymen or of defendant using force. The first alternative would necessarily indicate penetration.

The issue is whether this evidence tends to prove the portion of the *corpus delicti* that otherwise appears only in defendant's confession. We conclude that it does. The statute requires some other proof, not conclusive evidence. Although it is possible to draw more than one inference from the child's statement, it is permissible to conclude from it that she experienced penetration. That is sufficient "other proof" that the crime was committed to support one of the rape convictions and the incest conviction. On the other hand, the child said that defendant engaged in the conduct that she described only once. Thus, there is "other proof" for only one instance of penetration. There is no other evidence from which a reasonable inference can be drawn for the remaining three rape convictions, and we therefore reverse them.

Convictions for rape in the first degree on counts two, three, and four reversed; otherwise affirmed.