Argued and submitted March 28, 2002, affirmed February 19, 2003

# STATE OF OREGON,
*Respondent,*

*v.*

# DURWOOD KEITH WIGGLESWORTH,
*Appellant.*

## 990433162; A109998

63 P3d 1185

Andy Simrin, Senior Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Rolf Moan, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Christina M. Hutchins, Assistant Attorney General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

DEITS, C. J.

## DEITS, C. J.

Defendant appeals from a judgment of conviction for failure to report as a sex offender. ORS 181.599. At trial, defendant moved for a judgment of acquittal on the grounds that a sex offender has no obligation to report a residence change when he or she moves out of state and that, if such a requirement exists, it is unconstitutional. The trial court denied defendant's motion, and he assigns error to that denial. Defendant also argues that the court erred by failing to determine whether his waiver of a jury trial was knowing and voluntary. We affirm.

The relevant facts are undisputed. Defendant was convicted of a sex offense in Georgia in 1989. Following his release from jail, defendant moved to Oregon in 1997. Pursuant to Oregon law, defendant registered as a sex offender. He signed an acknowledgment of his obligations under ORS 181.594 to 181.599, the Oregon sex offender registration law. Among other things, ORS 181.597(1)(a) requires sex offenders to report to local authorities within 10 days of moving into Oregon and "[w]ithin 10 days of a change of residence[.]" After living in Oregon for about a month, defendant moved to Washington state. He did not notify authorities in Oregon within 10 days of that move.

Defendant was charged with failure to report as a sex offender. ORS 181.599. At trial, defendant submitted a written jury waiver, which stated that he understood that he had the right to a public trial by an impartial jury and that, notwithstanding that right, he elected to waive it.[1] The court also asked defendant on the record whether he understood his rights. After defendant answered affirmatively, the court accepted his waiver. After the evidence was heard, defendant moved for a judgment of acquittal on several grounds. First, he argued that ORS 181.597(1)(a) did not require defendant

---

[1] The written jury waiver specifically provided:

"Comes now Durwood Wigglesworth, the defendant herein, in person, and with his attorney Ken Walker, and advises the Court that the defendant understands that he has a right to a public trial by an impartial jury, and, not withstanding [sic] this right to a jury trial, elects to waive a trial by jury and consents to have the above matter heard by a Judge without a jury."

to notify the authorities when he moved out of the state. Second, he contended that, if the statute did require him to do so, it exceeds the territorial jurisdiction of the State of Oregon. Finally, he argued that requiring him to notify authorities that he is moving out of state violates his constitutional right to travel freely between states. The trial court denied defendant's motion, found him guilty of failure to report as a sex offender, and sentenced him to 24 months of probation.

Defendant appeals, arguing that the trial court erred in two respects. First, he contends that the trial court erred when it accepted his waiver of his right to a jury trial without first determining whether that waiver was knowing and voluntary. Second, he argues that the trial court erred in denying his motion for a judgment of acquittal on the grounds that the statute does not require sex offenders to notify authorities when they move out of state and that, if the statute does impose such a requirement, it is unconstitutional.

The state responds that defendant's first argument is not preserved and that, even if it is, the issue is resolved by our decision in *State v. Fry*, 180 Or App 237, 42 P3d 369 (2002). As to defendant's second argument, the state contends that the text of the statute is clear in that it requires defendant, as an Oregon resident,[2] to report a change of residence, even if that change of residence involves a move to another state. In addition, the state argues that defendant's constitutional arguments are not preserved but, in any event, are not well taken.

■ We begin with defendant's argument that the trial court erred in accepting his jury waiver without finding first that it was knowing and voluntary. Assuming that defendant was required to preserve this error and in fact did so, our recent decision in *Fry* controls our disposition of this issue. In *Fry*, the defendant argued, as defendant in this case does, that the trial court erred in accepting a written jury waiver without first making a determination that the waiver was voluntary. We stated that,

---

[2] In this context, the term "Oregon resident" is used to refer to persons who have moved into Oregon and are required to report as sex offenders under ORS 181.597(2).

"[a]lthough it is correct that a waiver of the right to a jury trial must be in writing and must be made knowingly and voluntarily, *see* Or Const, Art I, § 11; *State v. Lemon,* 162 Or App 640, 986 P2d 705 (1999), in the absence of an express statutory or constitutional requirement that a judge must make an inquiry on the record as to whether a represented defendant's waiver is voluntary, we see no reason for imposing such a requirement. *Cf.* ORS 135.385 (expressly establishing requirements for determining that plea of guilty is knowing and voluntary)."

180 Or App at 239 n 1. Because a trial court that receives a written jury waiver from a represented defendant is not required to inquire whether the defendant's waiver was voluntary, the trial court did not err in failing to make such an inquiry here.

We next consider defendant's argument that the trial court erred in denying his motion for a judgment of acquittal on the ground that ORS 181.597(1)(a) does not require a person to notify the state of a change of residence when he or she moves out of state.[3] As in all cases that raise a question of statutory construction, we begin with the text of the statute. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610, 859 P2d 1143 (1993). ORS 181.597 provides, in part:

"(1)(a)  When a person listed in subsection (2)[4] of this section moves into this state and is not otherwise required by ORS 181.595 or 181.596 to report, the person shall report, in person, to the Department of State Police, a city police department or a county sheriff's office:

"(A)  No later than 10 days after moving into this state;

"(B)  Within 10 days of a change of residence; and

---

[3] Although defendant assigns error to the denial of his motion for a judgment of acquittal, to the extent that he contended that the indictment did not allege an offense, we treat his motion as a motion in arrest of judgment. *See* ORS 136.500; ORS 135.630(4); *State v. McKenzie,* 307 Or 554, 771 P2d 264 (1989); *State v. Maxwell,* 165 Or App 467, 998 P2d 680 (2000), *rev den,* 334 Or 632 (2002).

[4] The parties do not dispute that defendant is "a person listed in subsection (2)."

"(C)   Once each year within 10 days of the person's birth date, regardless of whether the person changed residence.

"(b)   When a person listed in subsection (2) of this section attends school or works in this state, resides in another state and is not otherwise required by ORS 181.595 or 181.596 to report, the person shall report, in person, to the department, a city police department or a county sheriff's office no later than 10 days after:

"(A)   The first day of school attendance or the 14th day of employment in this state; and

"(B)   A change in school enrollment or employment."

The text of ORS 181.597(1)(a)(B) is clear: When a sex offender moves into Oregon, he or she must notify the police within 10 days of a change of residence. Defendant, in fact, concedes that the language of the text suggests that. Defendant argues, however, that the context of the statute requires a different interpretation. Specifically, defendant points to ORS 181.597(1)(b), which requires that sex offenders who work or go to school in Oregon, but who reside outside of the state, must report to Oregon authorities. Defendant argues that the fact that nonresidents are subject to subsection (1)(b) shows that the legislature did not intend for subsection (1)(a) to apply to Oregon residents moving out of state.

The statute does make the distinction that defendant identifies. Subsection (1)(b) is limited to persons who are not residents of Oregon but who have certain contacts with the state. Subsection (1)(a) applies to persons who are residents of the state.[5] We do not agree, however, with the conclusion that defendant draws from that distinction. At the time that defendant moved, he was subject to the reporting requirements of the statute. We are not persuaded by defendant's argument that, because defendant had 10 days to report his change of residence, by the end of the 10 days he was no longer an Oregon resident and no longer subject to the

---

[5] This case does not present the question of whether a sex offender who has been an Oregon resident subject to the reporting requirements of ORS 181.597 and who has moved out of state must report subsequent changes of residence within the state that he or she has moved to or must report moves from the new state to states other than Oregon. Accordingly, we do not address that question here.

reporting requirement. Defendant's conduct that activated his obligation to report his change of residence, namely moving, occurred while he was an Oregon resident.

Defendant further argues, however, that several other statutes provide contextual support for his proposed construction. First, defendant points to ORS 181.600. ORS 181.600 provides, in part:

"(1)(a) No sooner than 10 years after termination of supervision on probation, conditional release, parole or post-prison supervision, a person required to report under ORS 181.595, 181.596 or 181.597 may file a petition in the circuit court of the county in which the person resides for an order relieving the person of the duty to report * * *."

The statute then lists the situations in which a person may petition for relief from reporting duties. Defendant contends that the use of the phrase "in the circuit court of the county in which the person resides" in connection with persons who have a reporting duty under ORS 181.597 indicates that the legislature intended only Oregon residents to be subject to ORS 181.597, because once a person is not an Oregon resident, there is no such circuit court. We do not find defendant's argument based on this statutory language particularly persuasive. It is not inconsistent with the conclusion that an Oregon resident sex offender who moves out of state is required to report the move.

Finally, defendant relies on ORS 181.604. ORS 181.604 provides:

"When the Department of State Police learns that a person required to report under ORS 181.595, 181.596 or 181.597 is moving to another state, the department shall notify the appropriate criminal justice agency of that state of that fact. The department is not responsible for registering and tracking a person once the person has moved from this state."

Defendant points to the last sentence of that provision and argues that it indicates that the legislature did not intend for Oregon authorities to have any responsibility for a registered sex offender once he or she leaves the state. It is true that the statutory language appears to relieve Oregon authorities from the responsibility of tracking and registering persons

who have moved out of state. The first part of ORS 181.604, however, is consistent with our reading of ORS 181.597(1)(a) as imposing an obligation on a sex offender who is leaving the state to notify authorities within 10 days. Under that language, the authorities must notify the state to which the offender is moving. That context demonstrates that the legislature intended the Department of State Police to be informed about sex offenders who are moving out of state. If, as defendant argues, a sex offender is not required to notify Oregon authorities that he or she is moving out of state, it would be difficult for the Department of State Police to fulfill its statutory duties under ORS 181.604. In light of the text and the context of the statute, we conclude that, under the circumstances here, defendant was required to report his change of residence to Oregon authorities within 10 days of moving. The trial court did not err in denying defendant's motion for a judgment of acquittal.

We next turn to defendant's constitutional arguments. Defendant raises three constitutional arguments, based on vagueness, state sovereignty, and the right to travel. The state responds that none of defendant's constitutional challenges is preserved.

Defendant replies that, by arguing that ORS 181.597 was subject to more than one plausible construction, he necessarily raised vagueness below. We reject that argument without discussion. Defendant alternatively argues that, even if he did not raise a vagueness challenge below, he may raise it for the first time on appeal. It may be true that a *facial* vagueness challenge may be raised for the first time on appeal. *See State v. Maxwell*, 165 Or App 467, 472-73, 998 P2d 680 (2000), *rev den*, 334 Or 632 (2002) (if a criminal statute is unconstitutionally vague, the facts alleged in an indictment under that statute do not constitute an offense); *State v. Young*, 161 Or App 507, 510-12, 985 P2d 835 (1999), *rev den*, 329 Or 590 (2000) (where the facts alleged in an indictment do not constitute a crime, demurrer under ORS 135.630(4) is appropriate and may be raised for the first time on appeal). Where a constitutional defect would not vitiate a statute in its entirety, however, an ORS 135.630(4) demurrer is not appropriate. *See Young*, 161 Or App at 511-12 n 6. Defendant

wishes to raise an *as applied* vagueness challenge that, if successful, would not vitiate ORS 181.597 in its entirety or establish that his indictment never constituted an offense. Accordingly, he may not raise that challenge for the first time on appeal.

With respect to his remaining two constitutional arguments, defendant argues, and we agree, that they were raised sufficiently to give the state and the trial court the opportunity to address them. In his second constitutional argument, defendant contends that the legislature lacks the power to compel sex offenders to notify authorities when they change their residences to foreign jurisdictions. In support of this argument, defendant cites several cases that implicate state sovereignty concerns, none of which addresses the issue of one state's authority to impose a reporting duty on sex offenders who are in the process of changing residence to another state or who have changed residence to another state. *United States v. Locke*, 529 US 89, 120 S Ct 1135, 146 L Ed 2d 69 (2000) (federal preemption of state legislation with respect to maritime tanker transportation); *Shaffer v. Heitner*, 433 US 186, 97 S Ct 2569, 53 L Ed 2d 683 (1977) (personal jurisdiction); *Deardorf v. Idaho Nat. Harvester Co.*, 90 Or 425, 433, 177 P 33 (1918) (service of process on foreign corporation). We do not deny that principles of state sovereignty might have relevance to *some* arguable applications of ORS 181.597. In this case, however, as we have concluded, the effect of ORS 181.597 was not to regulate conduct outside of Oregon. Instead, as applied here, ORS 181.597(1)(a) was triggered by defendant's action in Oregon and, as such, had no extraterritorial effect.

Defendant's final constitutional argument is that ORS 181.597 violates defendant's federal constitutional right to free travel.[6] However, we agree with the state that, under the circumstances here, defendant has not shown that his right to free travel was in fact burdened by the requirement that he notify the authorities of his change of residence. For

---

[6] The federally protected constitutional right to travel is found in several constitutional provisions, including the Due Process Clause of the Fifth Amendment to the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment.

all of the above reasons, the trial court did not err in denying defendant's motion for judgment of acquittal.

Affirmed.