Submitted on February 27, affirmed April 16, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEONARD A. COX,
*Defendant-Appellant.*

Coos County Circuit Court
05CR1098; A131066

182 P3d 259

Ingrid Swenson, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and David Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for failure to report as a sex offender. ORS 181.599. His sole assignment of error is that the trial court should have granted his motion for a judgment of acquittal on the ground that the state did not prove that he failed to report a "change of residence" within the 10-day period required by law. We affirm.

The relevant facts are not in dispute. Defendant is a convicted sex offender, required to report to the appropriate law enforcement agency "[w]ithin 10 days of a change of residence." ORS 181.596(4)(b)(A). He lived in an apartment in Coos Bay, located on Highway 101. On June 3, 2005, he left the apartment. He stayed at a friend's motor home for two nights and in a motel room for two additional nights. He stayed at the Mill Casino parking lot for two or three nights more. He ultimately moved to the M'Ocean Trailer Park. On June 28, 2005—25 days after leaving his Coos Bay apartment—police cited him for failing to report his change of residence.

At trial, defendant moved for a judgment of acquittal on the ground that, at the time that the police cited him, he had not yet lived at the new residence for 10 days. The trial court denied the motion, and defendant was convicted in a trial to the court.

On appeal, defendant argues that the trial court erred in denying his motion for a judgment of acquittal. He contends that the statute requiring him to report "[w]ithin 10 days of a change of residence" refers to a "completed change of residence, marked by a defendant's move into a new residence." In support of his contention, he relies on a definition of the verb "change," which includes "to switch to another." *Webster's Third New Int'l Dictionary* 373-74 (unabridged ed 2002). According to defendant, a "change of residence" is not complete until there has been a "switch to another" residence. In this case, he contends, because he was essentially transient until he found a new residence at the M'Ocean Trailer Park, the 10-day reporting deadline was not triggered until he settled into the new residence.

The state responds that the statute plainly requires a report of a change of residence when the change first occurs, that is, when the defendant no longer lives at the last reported residence. Particularly in light of the purpose of the statute to assist law enforcement in protecting the public from future sex crimes, the state contends, defendant's proposed construction makes no sense, as it would allow convicted sex offenders to avoid reporting simply by failing to settle into a new permanent residence.

The issue is one of statutory construction, governed by familiar rules set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We attempt to ascertain the meaning of the statute most likely intended by the legislature that enacted it, examining the text in context and, if necessary, the legislative history and other aids to construction. *Id.*

ORS 181.596(4)(b)(A) requires a sex offender to report to the appropriate law enforcement agency "[w]ithin 10 days of a change of residence." A party with knowledge of the reporting requirement of that statute who fails to report "following a change of residence" commits the crime of failure to report as a sex offender. ORS 181.599(1)(c).

The term "change of residence" is not defined by statute. Generally, in the absence of a statutory definition, we assume that the legislature intended the words of the statute to carry their ordinary meanings. *State v. Murray*, 340 Or 599, 604, 136 P3d 10 (2006). The principal source for determining ordinary meaning is a dictionary of common usage. *Id.* ("Absent a special definition, we ordinarily would resort to dictionary definitions, assuming that the legislature meant to use a word of common usage in its ordinary sense.").

We begin, then, with the dictionary. At the outset, we pause to note that, when resorting to a dictionary, it is important to keep in mind the part of speech of the word in dispute. When the statutory term consists of a word in its noun form, it is not necessarily helpful to consult definitions of the word in its verb form, and vice versa. *See, e.g., State v. Bray*, 342 Or 711, 719 n 6, 160 P3d 983 (2007) (rejecting a dictionary definition of the noun form of a term that is used as a verb in the statute). We make that observation because

that is precisely what defendant does in this case. In asserting that the word "change" means "to switch to another," he relies on a definition of the term when used as a verb, when the statute employs the word as a noun.

■        Turning to the dictionary definitions of the noun "change," we note that there are quite a few definitions from which to choose. That said, only one of those definitions appears to relate to the sense in which the word is used in the statute, that is, "a shift in relation to surroundings (as to a different place, situation, course level)." *Webster's* at 374. Under that definition, defendant's departure from his apartment is a "change" of residence, completed upon moving out and not upon finding a new place of residence.

Also relevant to our analysis of the text is the legislature's employment of the same term in other, related, statutes and any judicial construction thereof. *Fresk v. Kraemer*, 337 Or 513, 520-21, 99 P3d 282 (2004). ORS 181.597 is such a statute, which imposes a reporting obligation on sex offenders who move into Oregon. That statute requires sex offenders to report to the appropriate law enforcement body both "[n]o later than 10 days after moving into this state," ORS 181.597(1)(a)(A), and "[w]ithin 10 days of a change of residence," ORS 181.597(1)(a)(B). Consistently with the ordinary meaning of the term "change," in *State v. Wigglesworth*, 186 Or App 374, 379-80, 63 P3d 1185 (2003), we interpreted that reference to "change of residence" in ORS 181.597 to refer to the date of moving out of the current residence. If that is what "change of residence" means in ORS 181.597, we are hard pressed to understand how the same term means something different in ORS 181.596. *See Tharp v. PSRB*, 338 Or 413, 422, 110 P3d 103 (2005) ("When the legislature uses the identical phrase in related statutory provisions that were enacted as [ ] part of the same law, we interpret the phrase to have the same meaning in both sections.").

■        In this case, as we have noted, there is no dispute that defendant failed to report his "change of residence" to the appropriate authorities within 10 days of moving out of his Coos Bay apartment. It necessarily follows that the trial

court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.