Submitted December 23, 2014, affirmed April 15, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HERBERT LEE STREETER, III,
*Defendant-Appellant.*

Multnomah County Circuit Court
121051952; A154444

348 P3d 290

Peter Gartlan, Chief Defender, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

## TOOKEY, J.

Defendant appeals a judgment of conviction for failure to report as a sex offender, *former* ORS 181.599(1)(d) (2011), *renumbered as* ORS 181.812(1)(d) (2013). He argues that the trial court improperly denied his motion for judgment of acquittal based on an improper construction of that statute, contending that the state failed to prove precisely when the crime was committed because it failed to prove when he moved out of his grandfather's house, where he was registered. For the reasons that follow, we affirm.

"Because the trial court denied defendant's motion for a judgment of acquittal, we state the facts in the light most favorable to the state." *State v. Massei*, 247 Or App 30, 32, 268 P3d 774 (2011). "Our standard for reviewing the denial of the motion for judgment of acquittal is whether, viewing the evidence in the light most favorable to the state, any rational trier of fact could have found that the essential elements of the crime had been proved beyond a reasonable doubt." *State v. Paragon*, 195 Or App 265, 267, 97 P3d 691 (2004).

In 1999, defendant was convicted of a sex offense in Florida and sentenced to five years in prison. As a result of that conviction, defendant was required to register as a sex offender in Oregon. Defendant completed his initial registration in Oregon on October 22, 2008, and also reported in July 2009, April 2010, April 2011, and April 2012. Each time that he reported, defendant provided the same residential address in Portland—the address of his grandfather's house. Each time that he reported, defendant was also informed that he must report, in person, within 10 days of any change of residence.

In August, 2012, Officer Sickon conducted an investigation and found that defendant was not present at his registered address. At the time, *former* ORS 181.595 to 181.597 (2011), *renumbered as* ORS 181.806 to 181.808 (2013), required a sex offender to report to law enforcement within 10 days of a change of residence. On September 5, 2012, defendant was arrested for the crime of failure to report,[1] and

---

[1] Defendant was later acquitted of that charge.

he spent one night in jail; he was released on September 6, 2012.

On October 3, 2012, defendant went to Sickon's office to report a change of residence. Sickon asked defendant, "'What are you coming in to tell me?'" Defendant replied, "'I live with my grandfather * * *.'" Defendant informed Sickon that "he was going to start staying with his dad" at a different address. Sickon confirmed that that address was "a good address that [she] could use for a current registration to bring [defendant] back into compliance at that point."

Sickon then asked defendant where he had "really [been] staying" from September 6, 2012 to October 3, 2012. Defendant replied that "he had many girlfriends [and] that he stayed at their locations" during that time—that is, he told Sickon that "he had been in different girlfriends' homes all in Portland, Oregon." Sickon asked defendant for the names and addresses of his girlfriends, but he would not give them to her.

Sickon then inquired whether defendant had lived at his grandfather's house since September 6, 2012; specifically, she asked him if he had been to his grandfather's house "at any point since being released from custody"; if he had "gone there to visit"; if he had "gone there to spend the night, to live and sleep in any way"; and if he had "any belongings there[.]" Defendant replied "no" to each of those questions.

Based on defendant's statements to Sickon, the state subsequently charged defendant with failure to report as a sex offender under *former* ORS 181.599(1), which provided, in part:

> "A person who is required to report as a sex offender in accordance with the applicable provisions of ORS 181.595, 181.596, 181.597 or 181.609 and who has knowledge of the reporting requirement commits the crime of failure to report as a sex offender if the person:
>
> "* * * * *
>
> "(d) Moves to a new residence and fails to report the move and the person's new address[.]"

In its information, the state alleged that defendant,

"on or about October 03, 2012, * * *, being a person who was required by law to report in person, as a sex offender, to the Oregon State Police, a chief of police or a county sheriff within 10 days of a change of residence, having changed residence, and having knowledge of the reporting requirement, did unlawfully and knowingly fail to report in person, as required, to an appropriate agency or official * * *."

At trial, the state submitted defendant's sex offender registration forms, including the form showing that, on April 24, 2012, defendant reported that he was residing at his grandfather's house. The state also submitted Sickon's testimony, as noted above, relating defendant's admission that he was not "really * * * staying" at his grandfather's house from September 6, 2012 to October 3, 2012.

At the close of the state's case, defendant moved for judgment of acquittal. He relied upon *State v. Depeche A139293*, 242 Or App 155, 164, 255 P3d 502 (2011), in which we construed a previous version of *former* ORS 181.599 to require reversal of the defendant's conviction on the ground that the state had failed to prove where the defendant was located at "the end of the tenth day following [his] change of residence[,]" and, thus, had failed to prove venue. Based on *Depeche*, defendant argued to the trial court that there is a "specific day when you commit [the] crime" of failure to report—"'literally at midnight on the tenth day after defendant changed his residence.'" (Quoting *Depeche*, 242 Or App at 163.) Defendant then argued that the state failed to prove precisely when the crime was committed because it failed to prove when he moved out of his grandfather's house,[2] and, thus, there was insufficient evidence to support his conviction.[3]

---

[2] Defendant's argument was predicated on the reasoning set forth in *State v. Cox*, 219 Or App 319, 323, 182 P3d 259 (2008), in which we construed the phrase "change of residence" to mean "the date of moving out of the current residence." The statute at issue in *Cox* was *former* ORS 181.599(1)(c), which criminalized the failure to report set forth in *former* ORS 181.596(4)(b)(A). That version of *former* ORS 181.599 provided, in part, that a person "commits the crime of failure to report as a sex offender if the person fails * * * to * * * [r]eport following a change of residence[.]" However, that language was amended in 2009, *see* Or Laws 2009, ch 713, to provide that a person "commits the crime of failure to report as a sex offender if the person * * * [m]oves to a new residence and fails to report the move and the person's new address[.]"

[3] When making those arguments, defendant expressly stated that he was "not arguing the venue issue."

The state responded that the relevant reporting statutes had been amended in response to *Depeche* and argued that the reasoning in *Depeche* had related only to the issue of venue. Thus, in the state's view, the temporal element of the statute was satisfied by the state's evidence that defendant moved out of his grandfather's house on September 6, 2012, and failed to report until October 3, 2012—27 days after defendant had moved.

The trial court noted that, in the 10 days prior to October 3, 2012, defendant was not living at his grandfather's house. The court then stated that, by defendant's own admission, he had not been at his grandfather's house for "27 days, which would put him in violation, because he's supposed to tell [Sickon] within ten days of moving[.]" The court then denied defendant's motion for judgment of acquittal, and defendant, who was convicted as noted above, now appeals.

The parties essentially reprise their arguments on appeal; based on *Depeche*, defendant argues that the state was required to prove precisely when the crime was committed, and, thus, was required to prove when he moved out of his grandfather's house, and the state responds that it was not required to do so. We agree with the state. In *Depeche*, we construed a previous version of *former* ORS 181.599 to resolve a question of venue. However, there is no longer any need to analyze the venue issue as we did in *Depeche* because, in response to *Depeche*, the legislature amended the relevant statutes to specify where reporting must occur. *See* Or Laws 2011, ch 675; *see also Massei*, 247 Or App at 32 n 1 (noting that the 2011 legislature amended the statutes in response to *Depeche*). Furthermore, under the principles set forth in *State v. Mills*, 354 Or 350, 312 P3d 515 (2013), venue is no longer a material allegation that the state must prove as part of its case-in-chief, but is an issue that a defendant must raise before trial to avoid waiver. Accordingly, we conclude that the reasoning in *Depeche* related to venue no longer applies.

In light of that conclusion, we conclude that a rational trier of fact, viewing the evidence in the light most favorable to the state, could have found that, "on or about

October 3, 2012," as alleged in the information, defendant had failed to report within 10 days of moving out of his grandfather's house, where he was registered. Although it is unclear exactly when defendant moved out of his grandfather's house, a rational trier of fact could conclude that the state had met its burden by presenting evidence that defendant had not been at his grandfather's house for 27 days without reporting that he had moved out. Thus, the trial court did not err in denying defendant's motion for judgment of acquittal based on a purported insufficiency of proof of the timing of his move from his grandfather's house.[4]

Affirmed.

---

[4] Defendant did not argue to the trial court, and does not argue on appeal, that the legal effect of the version of *former* ORS 181.599 that applies to him, *former* ORS 181.599(1)(d) (2011), is to require that he must report only when he had acquired a new residence. *See State v. Hiner*, 269 Or App 447, 345 P3d 478 (2015) (construing *former* ORS 181.599(1)(d) (2011) to that effect). Accordingly, any argument about the state's failure to prove when defendant acquired a new residence is not preserved.