GARRETT, J.
*706 Defendant appeals a judgment of conviction for failure to report as a sex offender, ORS 163A.040 :[1] he refused to sign a sex-offender registration form on the day that he was released from prison. On appeal, defendant argues that he did not violate the statute by refusing to sign on the day of his release because the statute allows 10 days following release for the form to be signed. We agree, and reverse.
*187 The relevant facts are undisputed. In 2012, defendant was convicted of first-degree encouraging child sexual abuse, ORS 163.684, and second-degree encouraging child sexual abuse, ORS 163.686, and sentenced to prison. Those convictions required him to report as a sex offender "[w]ithin 10 days following discharge, release on parole, post-prison supervision or other supervised or conditional release." ORS 163A.010(2), (3)(a)(A).[2]
When he was eventually released in 2015, defendant was taken to an Oregon State Police (OSP) center and instructed to complete the sex-offender reporting process. Defendant provided some of the information necessary for reporting, but refused to sign the registration form that was required to complete the process. Nielsen, who was assigned to help defendant, advised him to sign the form and explained that refusal to do so would "be a new crime." Defendant still refused to sign. As a result, he was charged with failure to report as a sex offender under ORS 163A.040(1)(g) (a person required to report as a sex offender must "sign the sex offender registration form as required"). Defendant was convicted after a bench trial.
On appeal, defendant argues that, under the plain language of the statute, a person cannot violate the reporting and registration requirement until 10 days elapse following *707 "discharge, release on parole, post-prison supervision or other supervised or conditional release."
The state responds, first, that defendant's statutory construction argument is not preserved because defendant did not make the argument at trial that he makes on appeal. We disagree. The correct interpretation of the statute was placed in issue by the prosecution and was discussed and expressly ruled upon by the trial court. The state concedes as much, and does not argue that the prosecution had an inadequate opportunity to argue the issue or that the record would have developed differently had defendant objected to the state's argument. Under those circumstances, we consider the purposes of the preservation requirement to have been served. See Peeples v. Lampert , 345 Or. 209, 219-20, 191 P.3d 637 (2008) (purposes of the preservation requirement are to (1) apprise the trial court of a party's position such that it can consider and rule on it, (2) ensure fairness to the opposing party by avoiding surprise and allowing that party to address all issues raised, and (3) foster full development of the record); see also, e.g. , State v. Roberts , 291 Or. App. 124, 129-31, 418 P.3d 41 (2018) (issue was preserved for appeal even though the defendant "never took an explicit position on that issue below," where "the trial court raised the * * * issue sua sponte , and * * * the issue was extensively discussed, briefed, and ruled on"); State v. Spears , 223 Or. App. 675, 681, 196 P.3d 1037 (2008) (the defendant's argument on appeal was preserved where trial court raised sua sponte and considered the issue, and noting that our independent "obligation to correctly construe [the] statutory term [was] in no way impaired or constrained by [the] defendant's failure to advance the proper-or, indeed, any-construction of the statute before the trial court").
We thus turn to the merits of defendant's argument. As noted, defendant asserts that he had 10 days to report as a sex offender under the reporting statutes, and that, therefore, he had not committed a crime at the time that he was charged. We review for legal error whether the trial court properly construed a statute and applied a correct legal theory of criminal liability. State v. Barboe , 253 Or. App. 367, 375, 290 P.3d 833 (2012), rev. den. , 353 Or. 714, 303 P.3d 943 (2013) ; State v. Wilson , 240 Or. App. 475, 486, 248 P.3d 10 (2011).
*708 Under ORS 163A.010(3)(a)(A), a person who is convicted of a sex crime must "report, in person," to certain authorities "[w]ithin 10 days following discharge, release on parole, post-prison supervision or other supervised or conditional release." ORS 163A.010 further provides, in part:
"(4) As part of the *** reporting requirements of this section:
"(a) The person required to report shall:
*188 "(A) Provide the information necessary to complete the sex offender registration form and sign the form as required ***."
Those provisions are enforced by ORS 163A.040(1), which provides, in part:
"(1) A person who is required to report as a sex offender in accordance with the applicable provisions of ORS 163A.010 *** and who has knowledge of the reporting requirement commits the crime of failure to report as a sex offender if the person:
"* * * * *
"(g) Fails to sign the sex offender registration form as required[.]"
The plain language of those statutes supports defendant's construction. ORS 163A.010(4) provides that the criteria in subparagraph (a)(A) are "part of the *** reporting requirements of this section"; therefore, the act of signing the registration form is "part of *** reporting," and thus subject to the requirement under ORS 163A.010 (3)(a)(A) that a person "report *** [w]ithin 10 days following *** release[.]" See State v. Depeche (A138304) , 242 Or. App. 147, 153, 252 P.3d 861 (2011) (noting that the reporting statutes "make[ ] clear" that "obtaining the person's signature [is] *** 'part of' the reporting process"). Because a person who must report has 10 days after release to sign the form, it follows that that person cannot "fail to sign" the form before 10 days have elapsed. See State v. Depeche (A139293) , 242 Or. App. 155, 163, 255 P.3d 502 (2011) ("The gravamen of the offense of failure to report as a sex offender *** was the failure to take a specific action-reporting-within a finite time period-in this case, 10 days of a change in residence *709 ***. That failure occurred literally at midnight on the tenth day after defendant changed his residence. In short, it is at that point in time that defendant fail[ed] *** to [r]eport following a change of residence." (Second and fourth brackets in original; internal quotation marks omitted.)).
The state, however, argues that, because no reference to a 10-day window appears in either ORS 163A.010 (4)(a)(A) or ORS 163A.040(1), the 10-day window was not intended to apply to the requirement that defendant sign the registration form. According to the state, "the text of the statute reflects the legislature's intent that a person have ten days from the occurrence of certain events to report 'in person,' ORS 163A.010(3)(a), and that once a person reports 'in person,' the person 'shall *** sign the form as required.' ORS 163A.010(4)(a)(A)." (Emphases and ellipses in original.)
We disagree with the state's parsing of the language. Nothing in the language highlighted by the state, mandating that defendant "shall * * * sign the form as required," says anything about when the form must be signed, much less suggests that the signature requirement is governed by a different timing requirement than the 10-day period that applies generally to the very "reporting" process of which the signature is a part. Thus, the statutes, when read together, indicate that the signature requirement is merely part of the broader reporting requirement, which a person has 10 days to complete.
In short, we conclude that the state failed to establish a violation of ORS 163A.040 based on defendant's refusal to sign the registration form on the day that he was released. That conclusion obviates the need to address defendant's second assignment of error.
Reversed.

At the time defendant was charged, ORS 163A.040 was numbered ORS 181.812. The other sex offender reporting statute cited in this opinion, ORS 163A.010, was numbered ORS 181.806. Those provisions were renumbered in 2015. The pertinent text of those provisions was not changed. We refer to the statutes by their current numbers.

ORS 163A.010(3)(a)(A) provides that a "person described in subsection (2) of this section shall report [to the appropriate authorities] *** [w]ithin 10 days following discharge, release on parole, post-prison supervision or other supervised or conditional release[.]"