Argued and submitted June 29; in Case No. 18CR21714, conviction reversed and remanded, in Case No. 16CR67880, probation revocation reversed November 18, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PATRICK DALE DESHAW,
*Defendant-Appellant.*

Marion County Circuit Court
18CR21714, 16CR67880;
A168914 (Control), A168915

478 P3d 591

In this consolidated appeal, defendant appeals a judgment of conviction for failure to report as a sex offender, ORS 163A.040(1)(d), and a judgment revoking probation. Defendant argues that the trial court erred by applying an incorrect legal standard to convict him of failure to report as a sex offender. Defendant also argues that the court erred by revoking his probation based on that conviction. The state argues that the court applied the correct standard to determine that defendant had "a change of residence" that he failed to report. *Held*: The trial court applied an incorrect legal standard to convict defendant because it based that conviction on a determination that defendant spent significant time at a second location, and not on a determination that defendant had "moved out" from his registered residence.

In Case No. 18CR21714, conviction reversed and remanded. In Case No. 16CR67880, probation revocation reversed.

Mary Mertens James, Judge.

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

In Case No. 18CR21714, conviction reversed and remanded. In Case No. 16CR67880, probation revocation reversed.

**TOOKEY, J.**

In this consolidated appeal, defendant appeals a judgment of conviction in Case No. 18CR21714 for one count of failure to report as a sex offender, ORS 163A.040(1)(d), and a judgment revoking probation in Case No. 16CR67880. In defendant's first assignment of error, he argues that the trial court erred by applying an "incorrect legal standard" in convicting him of failure to report as a sex offender. In defendant's second assignment of error, he argues that the trial court erred by revoking his probation based on that conviction for failure to report as a sex offender. For the reasons that follow, we conclude that the trial court applied an incorrect legal standard when it found defendant guilty of failure to report as a sex offender. Accordingly, in Case No. 18CR21714, we reverse defendant's conviction and remand for a new trial, and, in Case No. 16CR67880, we reverse defendant's probation revocation.

Defendant is a convicted sex offender who is subject to the reporting requirements set forth in ORS chapter 163A. In February 2018, defendant was living in his car with a reported residence of "behind Walmart/Mission Street, Salem."

On March 30, 2018, at 2:15 a.m., Salem Police Officer Smith saw "flashlights moving around inside [a] vehicle" parked by Walling Pond (the Pond). The Pond is located across the street from a Social Security office, approximately one-half mile from defendant's reported residence at Walmart. Smith contacted the vehicle's occupants, one of whom was defendant. Defendant was subsequently charged with one count of failure to report as a sex offender, ORS 163A.040(1)(d), for failing to report a change of residence.

During defendant's bench trial, Smith testified that "[defendant] told me he'd been there [at the Pond] every night for the last week-and-a-half, two weeks." Defendant testified that he was "allowed to park from *** dawn 'til [*sic*] midnight at Walmart," and that he began parking at the Pond because he "had nowhere else to park between midnight and 5:00 a.m."

After closing arguments, the trial court extensively discussed with both parties how it should understand the term "change of residence" in ORS 163A.040(1)(d). ORS 163A.040 provides, in relevant part:

"(1) A person who is required to report as a sex offender in accordance with the applicable provisions of ORS 163A.010 *** and who has knowledge of the reporting requirement commits the crime of failure to report as a sex offender if the person:

"*****

"(d) Fails to report following a change of residence[.]"

Ultimately, the trial court found defendant guilty for violating ORS 163A.040(1)(d) and revoked his probation. The trial court explained that

"the concern that I have is that when the defendant testifies he is regularly splitting his time between two locations, he is assuming two residences, not one.

"*****

"[M]y reading of the statute is that if you are regularly *** shift[ing] your location of living to another place, even if you're doing it half time, I think you have an obligation to notify law enforcement that you *** have set up two different places where they can find you.

"*****

"And if [defendant is] there [at the Pond] from midnight until [the Social Security offices] open, that's *** a significant portion of his waking hours and day. And so *** I do find that there's a failure to register for the *** separate location of [the Pond]."

The trial court then tried to reconcile the guilty verdict with our decision in *State v. Cox*, 219 Or App 319, 182 P3d 259 (2008), explaining that,

"*Cox* says you don't have to wait [until] you have *** another permanent place that you stay, but *** as soon as you disrupt *** where you regularly are, then that's what triggers the time that you then have to notify law enforcement.

"*****

"And I think that—that if [defendant] is splitting that time and he's spending a good portion of his waking hours one place and a good portion of his waking and sleeping hours another place, that that is *** where he's residing ***.

"*****

"So *** the Court finds that defendant has violated the registration requirements."

Defendant argues that "the trial court applied an incorrect legal standard in finding defendant guilty of failing to register as a sex offender because it concluded that proof that a defendant spent significant time in a location other than his registered address was sufficient to find a change in residence." In response, the state argues that "the trial court applied the correct standard" and that "the state only had to prove that defendant left his current residence."[1]

"We review for legal error whether the trial court properly construed a statute and applied a correct legal theory of criminal liability." *State v. Chandler*, 293 Or App 705, 707, 430 P3d 186 (2018) (citing *State v. Barboe*, 253 Or App 367, 375, 290 P3d 833 (2012), *rev den*, 353 Or 714 (2013)).

ORS 163A.010(3)(a)(B) requires a sex offender to report to the appropriate law enforcement agency "[w]ithin 10 days of a change of residence." As noted above, an offender with knowledge of that reporting requirement who "[f]ails to report following a change of residence" commits the crime of failure to report as a sex offender. ORS 163A.040(1)(d). We have previously said that the term "'change of residence' *** refer[s] to the date of moving out of the current residence." *Cox*, 219 Or App at 323;[2] *see also State v. Streeter*,

---

[1] We reject without discussion the state's argument that defendant's claim is unpreserved.

[2] In *Cox*, we interpreted an earlier version of the failure to report statute, *former* ORS 181.599(1)(c) (2007), *amended by* Or Laws 2009, ch 713, § 5 *and renumbered as former* ORS 181.599(1)(d) (2009), *renumbered as former* ORS 181.812 (1)(d) (2013), *renumbered as* ORS 163A.040(1)(d) (2015), *amended by* Or Laws 2017, ch 418, § 1. We look to *Cox* in interpreting the current version of the failure to report statute, ORS 163A.040(1)(d), because the text of the current failure to report statute is virtually identical to ORS 181.599(1)(c) (2007), and the 2017 amendments to the failure to report statute were intended to "return[] the law to its pre-2009 status," House Staff Measure Summary, House Committee on Judiciary, HB 2360, Apr 14, 2017; that is, to return the law to the version that was in effect when we decided *Cox*.

270 Or App 441, 444 n 2, 348 P3d 290 (2015) (noting that we have "construed the phrase 'change of residence' to mean 'the date of moving out of the current residence'"). In *Cox*, we determined that the defendant had failed to report a change of residence when he moved out of the apartment where he was registered and then variously stayed in a friend's motor home, a motel, and a casino parking lot, before finally settling into a trailer park where he was discovered by authorities 25 days after leaving his apartment. 219 Or App at 321. After construing the term "change of residence," we concluded that the "defendant's departure from his apartment is a 'change' of residence, completed upon moving out and not upon finding a new place of residence." *Id.* at 323.

In this case, we conclude that the trial court applied an incorrect legal standard to convict defendant for failure to report a change of residence. As noted above, the trial court ruled "that there's a failure to register for the * * * separate location of [the Pond]," and explained that its determination of defendant's guilt was based on defendant "splitting his time" between the Pond and Walmart, "assuming two residences," "spending a good portion of his waking hours one place and a good portion of his waking and sleeping hours another place," and having "set up two different places where they can find you." Thus, the trial court did not convict defendant based on his failure to report within 10 days of "moving out of [his] current residence" from behind Walmart, as required by ORS 163A.040(1)(d), *see Cox*, 219 Or App at 323; rather, we understand the trial court to have convicted defendant based on his failure to register the Pond as a second residence.

The state contends that "[t]he trial court specifically applied the standard set out in *Cox*," citing portions of the trial transcript where the court explains its understanding of *Cox*. That contention is unavailing. The record shows that the trial court identified the applicable legal standard in *Cox*. However, the trial court incorrectly applied that standard when it based the conviction on a determination that defendant spent significant time at the Pond, and not on a determination that defendant had "moved out" from his residence behind Walmart.

Additionally, even if defendant's failure to register the Pond as a second residence were a cognizable basis for conviction under ORS 163A.040(1)(d), on this record, defendant's time at the Pond would not suffice to show he had, in fact, acquired a second residence. "[A] 'residence' is a place where a person is settled and intends to return for some period of time, as distinct from a place of transient visit or sojourn." *State v. Lafountain*, 299 Or App 311, 324, 451 P3d 246 (2019); *see also id.* at 326 & n 10 (noting "the absence of any indication that the legislature intended the word 'residence' to have a specialized meaning in the context of the sex offender registration statutes"). Furthermore, "Evidence that a person was * * * spending limited time at a place other than his or her registered residence would not, without more, be sufficient" to prove a person had acquired a new residence. *State v. Miller*, 300 Or App 459, 461, 454 P3d 14 (2019) (evidence that homeless defendant living in his van parked every night and morning for 16 days at a state park approximately one-and-one-half miles from his reported residence "was not sufficient to allow a rational factfinder to conclude defendant acquired a new residence at [that] State Park"). In this case, the record indicates that defendant parked at the Pond "every night for the last week-and-a-half, two weeks." That, without more, would not make the pond a "residence" for purposes of ORS 163A.040(1)(d).

We therefore conclude that the trial court erred by incorrectly applying the law, and we reverse and remand for a new trial. *See State v. McDougal*, 299 Or App 96, 101, 449 P3d 919 (2019) (noting that it is this court's "common practice" to reverse and remand for a new trial "cases in which trial courts, sitting as factfinders, have based verdicts on a misunderstanding of the law or of the evidence," including when "the defendant ha[s] not developed any argument that the evidence would be insufficient to convict under a correct understanding of the law").[3]

---

[3] On appeal, defendant contends that, because "the trial court applied an incorrect legal standard," we should "remand the case for a new trial in which the trial court applies the correct legal standard to adjudicate defendant's guilt." We agree.

During defendant's closing arguments at trial, defendant argued that the state failed to present legally sufficient evidence to convict him for failure to report a change of residence. Those closing arguments may be construed as a

Turning to defendant's second assignment of error, he argues that the trial court erred by revoking his probation based on an unlawful conviction. Because the record shows that the trial court revoked defendant's probation based on the conviction we reverse above, we reverse defendant's probation revocation.

For the foregoing reasons, we conclude that the trial court erred by applying an incorrect legal standard to convict defendant for failure to report a change of residence. Accordingly, we reverse defendant's conviction and remand for a new trial, and we reverse defendant's probation revocation.

In Case No. 18CR21714, conviction reversed and remanded. In Case No. 16CR67880, probation revocation reversed.

---

motion for judgment of acquittal. *See State v. Forrester*, 203 Or App 151, 155, 125 P3d 47 (2005) (in a bench trial, by arguing to the court that evidence was insufficient as a matter of law to support conviction, defendant made functional equivalent of motion for judgment of acquittal). However, a new trial is the appropriate disposition in this case because defendant did not assign error to the denial of a motion for a judgment of acquittal or develop any argument regarding why the evidence in the record is legally insufficient to support a conviction for failure to report as a sex offender under the proper legal standard. *See State v. Bevil*, 280 Or App 92, 106 n 4, 376 P3d 294 (2016) (remanding for a new trial and rejecting "defendant's suggestion that we should reverse and remand for entry of a judgment of acquittal[,] because defendant has not assigned error to the denial of a motion for judgment of acquittal or developed any argument regarding why the evidence in the record is legally insufficient to support convictions for first-degree criminal mistreatment under the proper legal standard").