590 August 28, 2024 No. 597

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK TIMMY CAOILE,
*Defendant-Appellant.*

Baker County Circuit Court
21CR10928; A179747

Matthew B. Shirtcliff, Judge.

Submitted May 31, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Armstrong, Senior Judge.

JOYCE, P. J.

Affirmed.

**JOYCE, P. J.**

Defendant appeals from a judgment of conviction for first-degree criminal mischief, tampering with physical evidence, and second-degree criminal trespass. Those convictions are based on defendant breaking into a secure police lot and removing his box truck, which the trial court later determined the police had unlawfully seized. On appeal, defendant challenges the trial court's denial of his motion for judgment of acquittal (MJOA) on the tampering with physical evidence charge and his subsequent conviction for that charge. More specifically, defendant contends that the trial court erred in denying his MJOA and in convicting him of the tampering charge because the truck did not constitute "physical evidence" for the purposes of the tampering statute. As explained below, we conclude that the truck constituted "physical evidence"; consequently, the trial court did not err in denying defendant's MJOA or in convicting defendant of tampering with physical evidence. In an additional assignment of error, defendant claims that the trial court erred when it admitted testimony from a witness describing criminal conduct as occurring on a date different from the one alleged in the indictment. We conclude that defendant's argument is unpreserved, and defendant has not sought plain error review. Accordingly, we affirm.

*Motion for judgment of acquittal:* In reviewing the denial of an MJOA, we view the facts in the light most favorable to the state and evaluate whether a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *State v. Casey*, 346 Or 54, 56, 203 P3d 202 (2009). We state the facts consistently with that standard. In some respects, this case is procedurally anomalous—it included a mid-trial motion to suppress and litigation of what evidence, if any, would be suppressed—and we explain those relevant procedural facts below because they bear on the ultimate question of whether the truck was "physical evidence."

On February 21, 2021, defendant was riding as a passenger in his box truck when an officer stopped him and the driver. During the stop, the officer conducted a search of defendant's truck. As a result of the search, the officer

found illegal drugs and two saws that the officer determined were stolen property. The traffic stop ultimately resulted in the officer seizing defendant's truck. The officer who seized the truck told defendant that he would be seeking a search warrant to further search the truck's interior. Following the stop, that officer took defendant's truck to a secure police lot and had the truck sealed with evidence tape.[1]

In the early hours of the following morning, defendant went to the police lot and removed his truck. A trail camera that had been set up to monitor the truck captured footage of defendant walking around the truck at about 3:45 a.m. and again around 5:20 a.m. In the video, defendant appeared to be wearing the same clothing that he had been wearing during the traffic stop the previous day, except it appeared that he had added electrical tape on his boots and was wearing a wig.

When officers returned to the police lot the next morning, they discovered that the truck was missing and that the gated entrance to the lot had been smashed out from the inside. At 5:52 a.m., a driver called the police to report finding a truck on fire in the middle of a road. After police arrived at the scene, they confirmed that it was the same truck that had been taken from the police lot.

Based on those events, a grand jury indicted defendant on one count of first-degree criminal mischief, ORS 164.365, one count of tampering with physical evidence, ORS 162.295, one count of second-degree criminal trespass, ORS 164.245, one count of unauthorized use of a vehicle (UUV), ORS 164.135, and one count of second-degree arson, ORS 164.315.

The morning of defendant's bench trial, the state moved *in limine* for the court to allow it to offer evidence that the police had found illegal drugs and stolen property in defendant's truck. In particular, the state argued that that evidence was "relevant for purposes of motive" because it made it more probable that defendant took the truck and burned it so that the state would be unable to use those items

---

[1] The record is unclear as to whether any charges were ultimately brought arising from the traffic stop and seizure of the truck, stolen property, and drugs. That has no bearing on our analysis.

as a basis for future charges. Defendant objected to the admission of that evidence, arguing that admitting those items into evidence would have an unfairly prejudicial effect on the fact finder. The court granted the state's motion, reasoning that "its probative value outweigh[ed] the prejudicial effect."

During trial, the officer who conducted the stop and who seized defendant's truck testified. After his testimony, defendant made a motion to suppress, arguing that the officer had conducted an unlawful search of the truck during the stop and had unlawfully seized the vehicle. Thus, defendant contended that "any evidence gained from that seizure of property should be suppressed." Defendant further argued that, if the court agreed that the officers unlawfully seized the truck, then it would render the state unable to prove the UUV, arson, and tampering charges because those charges were premised on the state's lawful possession of the truck and its contents. The court delayed ruling on defendant's motion to suppress until the state concluded its presentation of evidence.

When the court revisited defendant's motion to suppress, the state ultimately conceded that the officer had unlawfully extended the stop and unlawfully seized the truck. The state further conceded that the appropriate remedy was to "suppress any evidence of the drugs [and] the stolen property." The trial court agreed and issued a written order that stated that "[t]he evidence seized through the truck is suppressed. No evidence in the trial will be received regarding that seized evidence, including, but not limited to, evidence of the controlled substances and stolen property." On the record, the trial court clarified that its ruling related back to the evidence it had considered in the state's motion *in limine* stating, "the Court has determined that *** the entire motion *in limine* is *** disregarded and out, that evidence is suppressed[.] *** [T]he Court is agreeing and the parties are stipulating to that, and so the [remaining] evidence[,] *** disregarding the motive evidence[,] is still all to be considered by the Court." Thus, although the court had ruled to suppress the "evidence seized through the truck," it had not yet decided whether the truck itself was suppressed.

Following the state's case-in-chief, defendant also moved for a judgment of acquittal as to all of the charges,

arguing that the record did not support a nonspeculative inference that defendant was the person who took the truck. The trial court found that there was sufficient evidence in the record to prove defendant's identity as the person who drove the truck out of the police lot; however, the court acknowledged that the state's concession that the truck had been unlawfully seized could affect other elements of the charged crimes. Thus, the court requested briefing and argument from the parties addressing how, under Oregon law, the unlawful seizure of the truck affected the remaining charges.

The following day, the trial court returned to the two remaining motions—the motion to suppress the truck itself and the MJOA on the charges of tampering, UUV, and arson, arguments that were all based on the truck's unlawful seizure. The state immediately moved to dismiss the charges for UUV and arson.[2] The court granted the state's motion to dismiss those two charges and then the parties turned to the remaining issues.

With respect to defendant's motion to suppress the truck, the state argued that tampering with physical evidence was an independent, intervening crime that attenuated the unlawful seizure of the truck itself. The court agreed and concluded that defendant was not entitled to the suppression of the truck as a result of the unlawful seizure because defendant's decision to commit a new crime after the truck was unlawfully seized attenuated the illegality. The court reasoned, citing *State v. Suppah*, 358 Or 565, 369 P3d 1108 (2016), and *State v. Jordan*, 308 Or App 547, 481 P3d 1017 (2021), that "the commission of a new crime creates a pretty strong attenuation" and that "the alleged tampering with [the truck was] a new offense that [did not] flow from the illegality" of the state's unlawful seizure:

> "[T]he commission of a new crime creates a pretty strong attenuation and that's what I find here[.] [T]here's a line in every piece of evidence at the roadside either the State didn't introduce or wouldn't have been able to be used in the case, but as it sits that night February 21st or 22nd, that the government is at that point it's a new crime and the

---

[2] The state explained that in its view, the "potential risk" of including those charges as part of the case "outweigh[ed] what the state perceive[d] to be a relatively minor benefit of having them be part of the case."

alleged tampering with that is a new offense that doesn't flow from the illegality earlier, it stops at the point that a new offense occurs, and that piece of evidence, whether it's behind a locked gate or not, if the defendant believes it's a piece of evidence, the government certainly thinks it can be, then it can be a new offense, and so I find that under *Jordan* and *Suppah* that there is a bright line and there's sufficient attenuation because there's a new crime[.]"

Thus, the trial court denied defendant's motion to suppress the truck itself.

With respect to his remaining MJOA as to the tampering charge, defendant argued that there was no longer evidence in the record to support a conviction for tampering with physical evidence because the truck was not "physical evidence" as that term is used in the tampering statute. Specifically, defendant argued that the tampering charge "require[d] that evidence *** to be evidentiary" and that "[h]ere the evidence isn't evidence—it isn't evidence at all because it hasn't been seized." In response, the state argued that the truck met the definition of "physical evidence" as it relates to the tampering statute because that definition "doesn't have anything to do with ownership, who has it, [or] possession."

The court denied defendant's MJOA as to the charge of tampering with physical evidence. The court reasoned that the truck met the definition of evidence despite the fact that the officers illegally seized it:

"[I]t's evidence [in] the sense *** that either a defendant can think it's evidence potentially *** [or] the State *** doesn't have to believe it's evidence, but it has to be something the court deems was potentially evidence, whether it's in the police's custody or not[.]"

The trial court ultimately found defendant guilty of the remaining charges.

On appeal, defendant challenges the trial court's denial of his MJOA on the tampering with physical evidence charge and his subsequent conviction for that charge. More specifically, defendant renews his argument that "the truck did not meet the definition of 'physical evidence'" as that phrase is used in the tampering statute, ORS 162.295.

Where, as here, the dispute "centers on the meaning of the statute defining the offense," we review for errors of law. *State v. Rexroad*, 318 Or App 498, 500, 508 P3d 520 (2022) (internal quotation marks omitted).

We begin with a discussion of the tampering statute and the definition of "physical evidence." ORS 162.295(1), in relevant part, states that a person tampers with physical evidence if the person "conceals or removes *physical evidence* impairing its verity or availability" with intent that the evidence be "unavailable in an official proceeding which is then pending or to the knowledge of such person is about to be instituted." (Emphasis added.) In the context of the tampering statute, the legislature has defined "physical evidence" as "any article, object, record, document or other *evidence* of physical substance." ORS 162.225(3) (emphasis added). We have clarified that "evidence" in that context is "any species of proof or probative matter that may assist in the determination of a matter of fact in pending or immediately impending official proceedings." *State v. Martine*, 277 Or App 360, 378, 371 P3d 510 (2016) (internal quotation marks omitted). Thus, "to constitute 'physical evidence,' an 'article, object, record, document' or other item of physical substance must have at least some plausible, nonspeculative relationship to a factual matter to be determined in a pending or immediately impending proceeding." *Id.* (quoting ORS 162.225(3)).

On appeal, defendant, citing to our definition of "evidence" in *Martine*, argues that the truck was not "evidence" under the tampering statute because "the [truck] and all its contents were suppressed at trial" and therefore could not be used as proof that may "assist in the determination of a matter of fact in pending or immediately impending official proceedings."[3] 277 Or App at 378.

Defendant's argument is not supported by the record. Although the trial court entered an order suppressing "[t]he evidence seized through the truck," the trial court did not rule that the truck itself was suppressed. To the

---

[3] Defendant's arguments in support of his claims of error are entirely based on the trial court's suppression ruling; defendant does not develop any argument that, considering all of the evidence in the record, the truck was not evidence in any pending or impending proceeding.

contrary, the trial court concluded that defendant was not entitled to the suppression of the truck because defendant's decision to commit a new crime after officers unlawfully seized the truck attenuated the illegality. *See, e.g., Jordan*, 308 Or App at 563 (concluding that defendant was not entitled to suppression of evidence as a result of an unlawful search because the "defendant's decision to commit a new crime following the unlawful police conduct *** transform[ed] the nature of the causal connection between the unlawful police conduct and the disputed evidence such that it [could not] be properly viewed as a product of the unlawful conduct"). Defendant is not challenging the trial court's determination that the state proved attenuation, and therefore the court's ruling on that issue is binding on appeal.

The trial court's conclusion that the state had proved attenuation and that defendant was not entitled to suppression of the truck ultimately resolves defendant's challenge to the trial court's denial of his MJOA and his conviction for tampering with physical evidence. Because the trial court did not suppress the truck, the truck was a "species of proof" that was available to "assist in the determination of a matter of fact in pending or immediately impending official proceedings."[4] *Martine*, 277 Or App at 378. Thus, the truck meets the definition of "physical evidence" as that phrase is used in ORS 162.295. The trial court did not err in denying defendant's MJOA or in convicting defendant of tampering with physical evidence.

*Admission of witness testimony:* We turn to defendant's remaining claim of error, in which defendant argues that, under Article VII (Amended), section 5(3), of the Oregon Constitution, the trial court erred in admitting witness testimony that described criminal conduct as occurring on a date that was different from the one alleged in the indictment. Defendant concedes that he did not make the particular argument to the trial court that he now raises on

_____

[4] To be clear, we express no opinion on the issue of whether "any article, object, record, document" or other "species of proof" *must* be admissible for it to constitute "evidence" within the meaning of the tampering statute. Rather, we conclude that, contrary to defendant's argument, the trial court determined that the object at issue in this case was admissible in a criminal trial and, on the facts of this case, that is sufficient for us to conclude that the object constituted "evidence" for purposes of the tampering statute.

appeal but contends that the purposes of the preservation requirement were served when the trial court ruled on a separate issue. We conclude that defendant's argument is unpreserved and, because defendant does not request plain-error review, we reject defendant's claim of error.

The facts of defendant's remaining assignment of error are procedural and undisputed. A grand jury indicted defendant on one count of first-degree criminal mischief, one count of tampering with physical evidence, and one count of second-degree criminal trespass, for criminal conduct that occurred "on or about March 3, 2021." On the morning of trial, the state moved to amend the indictment to replace "March 3, 2021," with "February 22, 2021"—a motion that is not at issue on appeal but provides context for some of defendant's arguments. The state told the trial court that the March 3 date was a typographical error and that the alleged criminal conduct had occurred on February 22. Defendant objected, arguing that the new date would "materially change certain aspects of the *** crime." The court denied the state's motion. The trial court ruled that "this date in th[e] indictment was found by the grand jury" and that it was "always reluctant to amend indictments unless it's just a misspelling or something because now you're intervening with the grand jury as opposed to something the prosecutor filed"; however, the court ultimately denied the state's motion because it reasoned that changing the date "could have some prejudice to the Defense *** at this point in their preparation."

During trial, the state called a police officer as a witness, and the officer testified that the criminal conduct occurred on February 22. Defendant objected "to any testimony that change[d] th[e] date" from the one charged in the indictment. In response, the state argued that the date was not a material element of any of the charges. The court overruled defendant's objection because it concluded that the date was not a material element and because everything alleged was within the statute of limitations. Although the court allowed the witness to testify as to the date that the conduct occurred, the court told defendant that he could "make [an] argument about how the conflicting date may be

an issue." Defendant then made a continuing objection, and the trial court noted for the record that defendant's objection to "a police officer testifying about the date in question" is a "running objection," which "preserves that issue * * * for all witnesses that are investigation witnesses." Defendant did not any make further argument.

On appeal, defendant contends that the trial court erred when it admitted evidence of "criminal conduct occurring on a date different than the one alleged in the indictment without requiring the prosecutor to establish that the grand jury indicted defendant based on that same conduct." More specifically, defendant argues that the trial court violated Article VII (Amended), section 5(3), of the Oregon Constitution, which provides that, apart from certain exceptions, "a person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury." Defendant contends that that provision required the state to prove that the grand jury indicted defendant based on the same conduct for which he was convicted and that the state failed to do so. Defendant concedes that he did not make the particular argument to the trial court that he now raises on appeal but contends that his claim of error is nevertheless preserved because the trial court rejected the state's motion to amend the indictment on that basis. The state responds that defendant failed to preserve the constitutional argument that he makes on appeal, and, in any event, the trial court did not err.

We agree with the state that defendant's claim is not preserved, and we disagree with defendant that our decisions in *State v. Chandler*, 293 Or App 705, 707, 430 P3d 186 (2018), and *State v. Smith*, 252 Or App 707, 714-15, 288 P3d 974 (2012), *rev den*, 353 Or 429 (2013), compel a different conclusion. In both of those cases, the defendant made an argument on appeal that the defendant had not presented to the trial court. *Chandler*, 293 Or App at 707; *Smith*, 252 Or App at 714-15. However, because the trial court or the state had raised that argument at trial, the state had an adequate opportunity to address it, and the trial court had explicitly ruled upon it, we concluded that, in both cases, the

purposes of the preservation requirement had been served. *Chandler*, 293 Or App at 707; *Smith*, 252 Or App at 714-15.

Here, in contrast, it is not clear that the trial court raised the issue that defendant argues on appeal, the state did not address the issue, and the court did not base its ruling on the issue that defendant presents on appeal. Although the trial court made statements that referred to the grand jury—for example, stating that the "date in the indictment was found by the grand jury" and stating that the court was generally reluctant to amend indictments "because now you're intervening with the grand jury as opposed to something the prosecutor filed"—the trial court did not mention defendant's rights under Article VII (Amended), section 5(3), of the Oregon Constitution, either expressly or by shorthand reference, and did not invite the parties to discuss that point. As a result, the state was not given an adequate opportunity to address the issue. Furthermore, the court did not base any of its rulings on the particular argument that is at issue on appeal; rather, the court denied the state's motion to amend the indictment based on possible "prejudice to the Defense" and it overruled defendant's objection to the witness testimony because it concluded that the date was not a material element and because everything alleged was within the statute of limitations.

Accordingly, we conclude that defendant's argument is not preserved and, because defendant does not request plain error review, we do not engage in that analysis.

Affirmed.