786 December 17, 2025 No. 1098

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. P.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

D. P.,
*Appellant.*

Multnomah County Circuit Court
24CC03279; A184812

Erin E. Kirkwood, Judge.

Argued and submitted October 28, 2025.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Robert A. Koch, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant challenges an order committing her to the custody of the Oregon Health Authority for 180 days. *See* ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5 (authorizing the commitment of a "person with mental illness"). On appeal, appellant assigns error to (1) the trial court's denial of a motion to prohibit the mental health examiner from asking questions during the hearing, and (2) the determination that she was a person with a mental illness that made her unable to provide for her own basic needs. ORS 426.005(1)(f)(B) (2023), *amended by* Or Laws 2025, ch 559, § 4. We affirm.

We review the trial court's decision to allow witness questions for abuse of discretion. *See State v. Longjaw*, 318 Or App 487, 494, 508 P3d 27, *rev den*, 369 Or 733 (2022) (observing that, in the context of allowing jurors to question witnesses, "[m]ost appellate courts * * * commit the decision to the discretion of the trial court"). We review the trial court's interpretation of a statute for legal error. *State v. Chandler*, 293 Or App 705, 707, 430 P3d 186 (2018). As to the merits of the trial court's decision, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020) (internal quotation marks omitted).

Appellant contends that the "statutes and rules" governing civil commitment procedures prohibit the mental health examiner from asking questions of the witnesses at the civil commitment hearing. However, appellant has not cited a specific statute that contains such a prohibition, but rather asks us to infer from the various statutory duties assigned to the mental health examiner that those duties prohibit the examiner from asking questions at the hearing. *See, e.g.*, ORS 426.120 (2023) (requiring examiners to examine the person alleged to be mentally ill and initiate that examination prior to the hearing); ORS 426.075(2) (2023), *amended by* Or Laws 2025, ch 559, § 21 (requiring medical records be made available to examiners at least 24 hours

before the hearing so the examiners may review the records and have an opportunity to interview medical personnel).

Appellant has not identified any duty that is inconsistent with an examiner asking questions at the hearing, nor has appellant identified any statutory provision that would preclude an examiner from inquiring of a witness. Absent any developed argument consistent with our method of statutory interpretation, *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009), we decline to read such a prohibition into a statute. *See* ORS 174.010 (court's role in construing a statute "is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted").

In her second assignment of error, appellant contends that there was insufficient evidence to permit the trial court to conclude that she was unable to meet her basic needs for purposes of ORS 426.005(1)(f)(B) (2023). "To satisfy that ['basic needs'] standard, the state must prove two things: (1) that the individual's inability to provide for their basic personal needs puts them at a nonspeculative risk of serious physical harm and (2) that the serious physical harm is likely to occur in the near future." *State v. P. D.*, 333 Or App 738, 742, 553 P3d 1063 (2024) (internal quotation marks omitted). Because there was evidence that appellant would be unlikely to take the antibiotics necessary to alleviate her condition of cellulitis, creating a nonspeculative risk of sepsis or death within weeks, the trial court did not err. *See State v. C. W.*, 333 Or App 400, 405, 553 P3d 577 (2024) (appellant's mental illness made it unlikely that she would take her ulcerative colitis medicine, leading to a nonspeculative risk of serious physical harm absent commitment).

Affirmed.